UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :

MASON TENDERS DISTRICT COUNCIL OF      :
GREATER NEW YORK AND LONG ISLAND,     :         13 Civ. 764 (PAE)
                                                      :
                            Plaintiff,        :         OPINION & ORDER
                                                        :
                      -v-                          :
                                                        :
ADALEX GROUP, INC.                           :
                                                       :
                          Defendant.      :
                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On August 21, 2013, plaintiff Mason Tenders District Council of Greater New York and Long Island moved for summary judgment against defendant Adalex Group, Inc. seeking confirmation of the February 2, 2012 Default Opinion and Award of Arbitrator Joseph Harris. Dkt. 7. Later that day, the Court directed defendant to file its opposition by September 11, 2013. Dkt. 12. Defendant has not filed an opposition. For the following reasons, plaintiff's motion for summary judgment is granted.

**I.     Background**

On August 11, 2008, Adalex Group, Inc. ("Adalex") executed a Collective Bargaining Agreement (CBA) with Mason Tenders' District Council of Greater New York and its constituent union, Local 78 (collectively, "Mason Tenders"). Savci Decl. Ex. 5. Local 78 represents asbestos handlers and laborers in the New York City metropolitan area and Long Island. Savci Decl. ¶ 6. The agreement requires that if Adalex performs any work covered by the agreement, it shall do so under the terms specified in the agreement. Art. III § 6. Covered work includes asbestos remediation, over which the unions have "exclusive jurisdiction." Art.

IV. The agreement provides that, whenever Adalex "requires employees to perform work covered by this Agreement on any job, [Adalex] shall notify the appropriate Hiring Hall," to enable the union to refer workers according to the provisions of the agreement. Art. III § 2. The agreement allows Mason Tenders to submit disputes to arbitration. Art. XII. The arbitrator is to be selected from a rotating panel of two arbitrators, Robert Herzog and Joseph Harris. Art. XII § (b).

Around June 2011, a dispute arose after Mason Tenders concluded that Adalex had failed to follow the terms of the CBA in numerous asbestos remediation jobs. Savci Decl. ¶ 12. On June 9, 2011, Mason Tenders sent a Notice of Intent to Arbitrate to Adalex, listing the allegedly infringing work sites. Savci Decl. Ex. 6. On November 30, 2011, Mason Tenders filed for arbitration and so notified Adalex. Savci Decl. at ¶ 13. On December 2, 2011 arbitrator Harris scheduled the hearing for January 13, 2012 and so notified Adalex. *Id.* at ¶ 15. Adalex did not appear at the hearing. Savci Decl. Ex. 1 (the "Arbitration Award") at 1. On January 13, 2012, "the arbitration proceeded as a Default Hearing. . . . The Union presented five exhibits and two witnesses. The Arbitrator engaged in some cross-examination." *Id.* at 2. On February 2, 2012, the arbitrator found, based on Mason Tenders' "substantial and credible evidence," that Adalex "failed to notify the hiring hall of the 38 jobs and did not employ Local 78 Handlers to work at the 38 job sites, in violation of Article III of the Collective Bargaining Agreement." *Id.* at 4. The arbitrator ordered Adalex to "pay Local 78 wages and benefits for the hours of work for the violations, in accordance with Article III of the CBA. . . . The Union will pay the various persons, who were on the Out-of-Work List on January 13, 2012 [as designated by an attached chart], the wages due them." *Id.* The award totaled $167,068.88. *Id.* at 7.

2

To date, Adalex has not paid any of the award. Savci Decl. ¶ 18. As a result, on February 1, 2013, Mason Tenders brought this complaint, seeking confirmation of the arbitration award. Dkt. 1. On August 21, 2013, Mason Tenders moved for summary judgment. Dkt. 7. That motion remains unopposed.

## II.     Discussion

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576. Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK)(AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting recent

Second Circuit cases). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant

the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . ."). Similarly, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*"

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Before the Court is the CBA, which includes an arbitration clause, and the arbitration award. On that record, and on the very limited review that is appropriate, the Court concludes that Mason Tenders has shown there is no material issue of fact for trial. Based on the "substantial and credible" evidence cogently recited by the arbitrator, there is at least, and likely more than, a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award.

## CONCLUSION

The Court enters judgment in the amount of $167,067.88 in favor of Mason Tenders, to be distributed as directed in pages 4 through 7 of the Arbitration Award. The Clerk of Court is directed to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 23, 2013
       New York, New York

5